UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**ARROW GROUP INDUSTRIES**

        **Plaintiff,**

-v-

**MGD MANUFACTURING, LLC**

        **Defendant.**

Case No. C-3-06-304

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING MGD MANUFACTURING'S
MOTION TO SUPPLEMENT EXPERT WITNESS LIST AND REPORT
(Doc. #37)**

---

Now before the Court is Defendant and Counterclaim Plaintiff MGD Manufacturing's ("MGD's") Motion To Supplement Expert Witness List and Report. (Doc. #37.) Plaintiff and Counterclaim Defendant Arrow Group Industries ("Arrow") has filed a Memorandum in opposition and the Court conducted an oral hearing on this matter on January 31, 2008. MGD's Motion is, therefore, ripe for decision.

On February 7, 2007, MGD filed its witness list. (Doc. #20.) This witness lists indicates that Mr. Ira Rubin will be MGD's expert regarding damages.

On February 8, 2007, and pursuant to a Preliminary Pretrial Conference, the Court entered its Preliminary Pretrial Order. (Doc. #21.) The Preliminary Pretrial Order sets a deadline of April 23, 2007, for MGD to reveal the identity of expert witnesses and provide a copy of the expert's report.[1] (Id.) Also, June 29, 2007, was set as the discovery deadline. (Id.) As of this date,

---

[1] The Court's General Order No. 1, "Pretrial and Trial Procedures," indicates that, "Expert witnesses who are not timely identified or who do not furnish timely and complete reports will not be permitted to testify."

MGD has not filed an expert witness list and has not provided an expert report to Arrow.

On January 18, 2008, six weeks before the trial is scheduled to begin, MGD filed the motion that is now before the Court. (Doc. #37.) MGD seeks to "supplement its expert witness list and report." MGD indicates that its original expert is unavailable to testify at trial. MGD further indicates that it is now prepared to replace its previously disclosed expert witness and provide an expert witness report. Finally, MGD argues that Arrow will not be prejudiced by this "change of experts."

Arrow opposes MGD's Motion. Arrow argues that MGD waived its right to present an expert witness by allowing the Court's expert witness disclosure deadline to elapse "nearly 10 months ago" without formally disclosing an expert or providing an expert report. Arrow also argues that there is no expert witness to substitute because none has formally been identified and no report has been provided.

Fed. R. Civ. P. 26(a)(2) requires MGD to disclose its expert and provide an expert report. Rule 26(a)(2) also requires that the expert disclosures be made at the times and in the sequence directed by the court. Further Fed. R. Civ. P. 37(e)(1) provides that failure to disclose, unless harmless, results in the party who fails to disclose being unable to use the undisclosed evidence at trial.

MGD has failed to comply with Rule 26(a)(2) and this Court's order regarding the identification of its expert and providing the expert's report. Further, MGD has offered no good cause for this failure. Finally, Arrow would be substantially prejudiced if MGD were permitted to name an expert witness and provide an expert report less than six weeks before trial. Therefore, MGD's Motion To Supplement Expert Witness List and Report (doc. #37) is

-2-

OVERRULED.

DONE and **ORDERED** in Dayton, Ohio, this Sixth day of February, 2008.

**s/Thomas M Rose**

_____
THOMAS M. ROSE
UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record